J. P. ELAM, Tutor, et al., *v.* THE HEIRS OF A. S. BARR, deceased, et al.

The Code of Practice, in prescribing the conditions upon which an attachment may issue, requires an oath of the existence of the debt in a form to exclude the exceptions of payment, compensation, &c., and a compliance with its requirements is equivalent to an averment that the debt has not been so extinguished.

APPEAL from the District Court of the parish of Catahoula, *Barry*, J. *Mayo*, for plaintiffs and appellants. *Taliaferro*, for defendants.

MERRICK, C. J. The present is a suit against the sureties on a tutor's bond. It was commenced, as to a part of the defendants, by attachment. The attachment was dissolved, and the action dismissed, not only as to the absentees, but also as to those who had been cited, and the plaintiffs have appealed.

We think the judgment of the lower court ought to be affirmed as to the absent defendant. The plaintiffs have not sworn with sufficient certainty to the indebtedness of the defendants to entitle them to the harsh remedy of the attachment. The absentees are the heirs of *A. S. Barr*, deceased, who was one of the sureties of *Glenn*. *Glenn's* estate was administered by the Clerk of the court as a succession under five hundred dollars in value, and the plaintiffs allege that they have obtained judgment against the said Clerk as such administrator of *Glenn*. The indebtedness of the defendants is alleged in the affidavit in these words, (it being the substance of the allegations of the petition, which are also sworn to,) viz: "That they have obtained judgment against the legal representatives of *Samuel Glenn* for the sums set forth in the foregoing petition, as due them respectively, for which they verily believe the heirs of *A. S. Barr*, whose names are set forth in the foregoing petition, are liable."

The Code of Practice, in prescribing the conditions upon which an attachment may issue, requires something more than the *prima facie* allegations which suffice for the petition itself and a judgment thereon. It requires an oath of the existence of the debt in a form to exclude the exceptions of payment, compensation, &c., and a compliance with its requirement is equivalent to an averment that the debt has not been so extinguished—that it still exists. If we look to the averments of the petition, we find them in such form that we might, if they were substantiated by proof, render a judgment thereon; we might infer that the judgment was regularly obtained against *Glenn's* succession, and that, when produced against *Barr's* succession, it would be *prima facie* proof of the extent of the liability of the surety. But it is not positively sworn to that the heirs of the surety are liable for that amount. Notwithstanding the mere opinion of the plaintiffs, the absent defendant may not be bound to the extent of the judgment against the principal: they may be entitled to a division, or there may have been payments. The plaintiffs, before they can resort to an attachment, must assure themselves that the defendants are indebted to them, and they must state the amount of such indebtedness. The attachment was, therefore, properly dissolved.

But as it respects the exception, relied on by the parties cited, that the suit was prematurely brought, we are of the opinion that the plaintiffs have substantially complied with the requirements of the Act of 1842. It is evident that no further pursuit of the demand against the succession of the principal

debtor would be availing. The necessary steps, therefore, have been taken to enforce payment against the principal. We see no error in the reception of the parol proof to establish the insolvency of *Samuel Glenn's* succession.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment as to the said *Sarah Davis*, wife of *Moses Davis*, *Martha Hollis*, wife of *Henry Hollis*, *Lewis C. Barr*, and *Mary Hudson*, and *James G. Taliaferro*, be affirmed; that as to the other defendants, the judgment be avoided and reversed, and the exception overruled, and the cause remanded, to be proceeded in according to law, and that said last named defendants pay the costs of the appeal.